UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cr-80091-KAM

UNITED STATES OF AMERICA,

v.

CARL LAWRENCE COBB,

    Defendant.
_____/

FILED BY ____KJZ____ D.C.

Dec 23, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from the Honorable U.S. District Judge Kenneth Marra and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea and conduct the change of plea hearing by Defendant Carl Lawrence Cobb.  The Court held a change of plea hearing on December 23, 2020, which was attended[1] by Defendant, his counsel Brian Mallonee, and Assistant U.S. Attorney John McMillan.  The Court hereby finds as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case.  The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case.  The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings

---

[1] Defendant appeared by Zoom Video-Teleconference ("VTC") due to the COVID-19 pandemic. Defendant stated that he consented to waive his physical presence in the Courtroom and agreed to appear for the hearing by Zoom VTC. All of Defendant's decisions were made with the advice of competent counsel. The Court found that the hearing could not be delayed without seriously harming the interests of justice, and that Defendant's waiver was knowing and voluntary. Therefore, the Court proceeded with the hearing via Zoom VTC.

and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties in this case [DE 41]. This Court reviewed the plea agreement and had the Defendant acknowledge that he signed the plea agreement. This Court also made certain that Defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to Count 1 the Information. Count 1 charges the Defendant with aiding and abetting the Unlawful Taking and Transport of Endangered Wildlife, in violation of the Lacey Act, Title 16 United States Code, Sections 3372(a)(1) and 3373(d)(2), and Title 18 United States Code, Section 2.

7.  The Court reviewed the appeal waiver with the Defendant and found that the Defendant knowingly, voluntarily, and intelligently entered a waiver of his appellate rights.

8.  The parties submitted a Stipulated Factual Proffer Supporting the Guilty Plea [DE 42], made part of the record and signed by Defendant, his counsel, and the Government. This factual proffer includes all the essential elements of the offense to which Defendant pled guilty. The Government summarized the factual basis for the plea on the record, including the essential elements of each offense. Defendant acknowledged that he signed the factual proffer and that all the statements contained therein are true.

10. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report. The sentencing hearing will be conducted at a time scheduled by the U.S. District Judge.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

RECOMMENDS that Defendant, CARL LAWRENCE COBB (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count 1 of the Information, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## **NOTICE OF RIGHT TO OBJECT**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kenneth Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and

Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of December 2020.

                                                                       WILLIAM MATTHEWMAN
                                                                       U.S. MAGISTRATE JUDGE